UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS,<br><br>                                        Plaintiffs,<br><br>                    -against-<br><br>MAX-TEC CONSTRUCTION CORP.,<br><br>                                        Defendant. | 14 Civ.<br><br><br><br>**COMPLAINT** |

Plaintiffs, by their attorneys, Virginia & Ambinder, LLP, allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 185 and 1132(e)(1).

3.      Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4.      Plaintiffs Trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds (the "Funds") are employer and employee trustees of multiemployer labor-management trust

funds organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c).  The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are administered at 136-25 37th Avenue, Flushing, New York 11354.

5.     Upon information and belief, Max-Tec Construction Corp. ("MAX-TEC") is a corporation incorporated under the laws of the State of New York, with its principal place of business at 142 Grandview Drive, Shirley, NY 11967, engaged in the construction business.

## BACKGROUND

6.     At relevant times herein, MAX-TEC was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the Highway, Road and Street Construction Laborers Local Union 1010 (the "Union").

7.     The Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142.

8.     The Agreement requires MAX-TEC to contribute to the Funds and related entities on behalf of which they act as collection agents on or before the 35th day after the close of a calendar month in amounts determined by multiplying specified hourly contribution rates by the number of hours of employment of MAX-TEC employees within the trade and geographical jurisdiction of the Union ("Covered Work").

9.     Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the Agreement.  In addition, section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent

not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  29 U.S.C. § 1145.

## FIRST CLAIM FOR RELIEF

10.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 9 hereof.

11.     Per monthly remittance reports submitted by MAX-TEC to the Funds, MAX-TEC owes $15,466.50 in delinquent contributions to the Funds in connection with Covered Work performed by its employees during the period February through April 2013.

12.     MAX-TEC also owes interest for previous late payments of contributions in the amount of $468.43.

13.     No part of said sum has been paid by MAX-TEC although duly demanded, and by reason thereof the Funds have been damaged in said amounts.

14.     Pursuant to the Agreement, if an employer fails to pay fringe benefits when due, the employer is liable to the Funds for interest on the amount of unpaid fringe benefits at an annual rate of 10%.

15.     Pursuant to the Agreement, in the event the Trustees are required to employ an attorney to collect the fringe benefits due and owing, MAX-TEC is obligated to pay to the Funds its attorneys' fees.

16.     The Agreement provides, *inter alia*, "The Employer is bound by all of the terms and conditions of the Agreements and Declarations of Trust with respect to the Welfare Fund, Pension Fund, Training Fund and Annuity Fund, which Agreements and Declaration of Trusts are hereby made part of this Agreement and are incorporated herein."

17.     The Trust agreements provide that in operating and administering the Fund, the Board of Trustees shall have the power to "establish the policy and rules pursuant to which this Agreement and Plan are to be operated and administered, including the rules relating to the collection of contributions and other payments."

18.     Pursuant to the Trust agreements, the Trustees of the Funds have promulgated a Policy for Collection of Delinquent Fringe Benefit Contributions ("Collection Policy"). Accordingly, MAX-TEC is bound to the terms of the Collection Policy.

19.     Article II of the Collection Policy provides that if MAX-TEC fails to make contributions when due, MAX-TEC is liable to the Funds for liquidated damages of 20% of the amount of the unpaid contributions.

20.     By reason of the foregoing, MAX-TEC is liable to the Trustees in the amount of $15,466.50 in delinquent contributions to the Funds in connection with Covered Work performed by its employees during the period February through April 2013, interest for previous late payments of contributions in the amount of  $468.43, interest on the amount of unpaid fringe benefits at an annual rate of 10%, liquidated damages in the amount of 20% of the unpaid fringe benefits adjudged to be due and owing, and attorneys' fees and costs.

21.     The Trustees have demanded payment of the unpaid fringe benefits. Defendant has refused these demands.

## SECOND CLAIM FOR RELIEF

22.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 21 hereof.

23.     Section 515 of ERISA requires employers to make contributions to a multiemployer plan under the terms of a collective bargaining agreement.  29 U.S.C. § 1145.

24.     Each of the Benefit Funds is a "multiemployer plan" as that term is used in Section 515 of ERISA.

25.     MAX-TEC is an "employer" as that term is used in Section 515 of ERISA.

26.     MAX-TEC has failed to pay Fringe Benefits to the Benefit Funds pursuant to the Agreement in the amount of $15,466.50 for Covered Work performed during February through April 2013 in violation of Section 515 of ERISA.

27.     Section 502(g) of ERISA provides that upon a finding of an employer violation of Section 515 of ERISA, the Court shall award to the plaintiff the unpaid benefit contributions, interest on the unpaid contributions, liquidated damages, and attorneys' fees and costs and disbursements incurred in the action.

28.     By reason of the foregoing, MAX-TEC is liable to the Benefit Funds in the amount $15,466.50 for Covered Work performed during February through April 2013, interest for previous late payments of contributions in the amount of $468.43, and for additional amounts to be determined by the Court for statutory damages, reasonable attorneys' fees, interest on the unpaid principal, and costs and disbursements incurred in this action.

WHEREFORE, plaintiffs respectfully request judgment:

(1)     on their First Claim for Relief against MAX-TEC, in the amount of $15,466.50 for Covered Work performed during February through April 2013, interest for previous late payments of contributions in the amount of $468.43, interest on the unpaid

Fringe Benefits at an annual rate of 10%, liquidated damages in the amount of 20% of the amount adjudged to be due and owing, and attorneys' fees;

(2)     on their Second Claim for Relief against MAX-TEC, in the amount of $15,466.50 for Covered Work performed during February through April 2013, interest for previous late payments of contributions in the amount of $468.43, interest on the unpaid Fringe Benefits, statutory damages, and attorneys' fees and costs and disbursements of this action pursuant to 29 U.S.C. § 1132(g); and

(3)     granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 7, 2014

VIRGINIA & AMBINDER, LLP

By: _____/s/_____
    Jesse S. Barton, Esq.
    Trinity Centre
    111 Broadway, Suite 1403
    New York, New York 10006
    (212) 943-9080
    Attorneys for Plaintiffs